On appellant's petition for reconsideration filed September 12, and respondent's response to appellant's petition for reconsideration filed November 14, reconsideration allowed; former opinion (214 Or App 612, 167 P3d 471) modified and adhered to as modified December 26, 2007, petition for review denied March 5, 2008 (344 Or 280)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEFFREY A. RUGGLES,
*Defendant-Appellant.*

Jackson County Circuit Court
042569MI; A127538

175 P3d 502

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney General for response.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

## SERCOMBE, J.

Defendant petitions for reconsideration of our decision in *State v. Ruggles*, 214 Or App 612, 167 P3d 471 (2007), in which we held that the trial court did not abuse its discretion in failing to require additional chain-of-custody foundational evidence for admission of a blood alcohol testing report and that admission of that report through a witness certifying its content did not violate defendant's rights to confront witnesses under the state and federal constitutions. Defendant asserts that we misstated his assignment of error and that his constitutional claims go to the right to cross-examine the laboratory technologists who stored and tested his blood sample. We allow reconsideration and adhere to our opinion as modified below.

As set out in the opinion, defendant was arrested for the crime of driving while under the influence of intoxicants, ORS 813.010. A specimen of his blood was taken to test for alcohol content and sent by the sampling hospital to Oregon Medical Laboratories (OML), a private, certified laboratory. A number of technologists stored and divided the specimen, prepared a sample for testing, and physically conducted the test. Following that physical test, the detector generated a printout of information about the alcohol content of the sample. That printout was restated in a short report to the hospital. The report set out the identification number of the sample, defendant's name and social security number, the dates on which the blood was drawn, received, and tested, the nature of the test ("legal blood alcohol"), and the results of the testing ("ethanol positive at 0.113 g/dL" as "confirmed by gas chromatography"). The report was signed by Andrew Mollahan, as having been "reviewed by" him as the "certifying scientist."

Before trial, defendant moved for an order "denying introduction of the State's proposed evidence regarding [defendant's] blood sample." The stated bases for the motion were that a "proper foundation cannot be laid for the blood sample" and "[u]nder ORS 40.505 (OEC 901), the State cannot authenticate the blood sample" without the testimony of all of the OML technologists who handled and tested the specimen. At the pretrial hearing on the motion, defendant

added the contention that his "right to confrontation, to confront his witnesses" includes "the people who tested the blood." The trial court denied the motion to exclude evidence regarding the blood sample. Defendant reiterated his "previous objection" when the state sought to introduce the testing report at trial.

On appeal, defendant framed two assignments of error with regard to the admission of the laboratory report on the blood sample: that the admission of the report violated defendant's constitutional rights to confront witnesses and that the "state failed to provide adequate documentation of the chain of custody" of the blood specimen. In support of the first assignment of error, defendant contended that "admission of the laboratory report violated defendant's right to confront witnesses" and that the report itself "contained statements made by persons who were not available for cross-examination at trial." In his discussion of that assignment of error, defendant claimed that the state failed to call witnesses who conducted the tests of the blood sample and that the failure to call those witnesses infringed on his right to confront the witnesses under the Sixth Amendment.

Our opinion concluded that the report summarized Mollahan's personal observations of the readings generated by the testing device and that the report did not contain hearsay statements by other witnesses. 214 Or App at 619. Thus, its admission into evidence through the testimony of Mollahan did not implicate the confrontation clauses of the state and federal constitutions. In his petition for reconsideration, defendant asserts that we erred in concluding that Mollahan observed the results of the testing device and that his constitutional arguments, which pertained to Mollahan's foundational testimony about the procedures used by the laboratory to store and test defendant's blood sample, were unaddressed.

Mollahan testified that he reviewed the "final data" of the testing process and "the results of all of the tests." At the pretrial hearing, he specified that this information included a "printout" from the testing device that was "the hard data, the actual data." As stated in our opinion, the report's recitation of the testing results is based on

Mollahan's observations of the content of readings generated by a machine. The report does not recite the testimony of out-of-court declarants so as to raise issues about the right to confront witnesses.

■      At trial, defendant did not object to Mollahan's testimony about the OML protocols used to store and test defendant's blood sample. Consequently, defendant did not preserve his objection that Mollahan's testimony about the testing procedures violated his right to confront the OML technologists who conducted those procedures. We decline defendant's invitation to address an argument that was not preserved or briefed. *Trotter v. Santos*, 214 Or App 696, 167 P3d 488 (2007) (improper to address on reconsideration arguments not made in the briefing of a case).

At trial, defendant did object to the admission of the testing report. On appeal, defendant's assignment of error largely complained about the receipt of the report into evidence. In that context, defendant argued in his opening brief that, without the testimony of the technologists, his rights to confront those witnesses were violated. Defendant's confrontation rights are implicated by the admission of evidence of an out-of-court declaration, not the failure to obtain the testimony of a particular witness. As noted in the opinion, the state and federal constitutional guarantees "limit the admissibility of out-of-court statements or declarations against a criminal defendant." *Ruggles*, 214 Or App at 618. Defendant's confrontation rights were not violated by evidence that was not introduced.

■      We grant reconsideration to withdraw our conclusion that the testing report was not hearsay. Mollahan's trial testimony about the results of the testing was not hearsay for the reasons stated in the opinion. The report itself, however, was an out-of-court statement made by Mollahan and offered to prove the truth of the testing machine reading and is properly classified as hearsay under OEC 801(3).[1] Our conclusion that the "written report was not a hearsay statement" was

---

[1] The state also questions our characterization of the report as a "statement[ ] made at trial." We agree that the report was written prior to trial and not made "at trial." Our observation should have been that the report was introduced at trial, through Mollahan's testimony, as a summary of his personal observations.

incorrect. That error does not change the constitutional analysis. Assuming that the report was testimonial in nature, defendant was given the opportunity at trial to confront its author. That is all that the constitutions require.

Reconsideration allowed; former opinion modified and adhered to as modified.