Argued and submitted July 16, 2020, affirmed September 15, 2021, petition for review denied January 20, 2022 (369 Or 209)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN SCOTT STRAUB,
aka Brian Straub,
*Defendant-Appellant.*

Umatilla County Circuit Court
17CR74305; A169484

498 P3d 336

Daniel J. Hill, Judge.

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction of one count of supplying contraband, ORS 162.185, and possession of heroin, ORS 475.854, raising four assignments of error. We affirm.

Defendant's first and second assignments of error raise related challenges to the "chain of custody" of the evidence ultimately tested and identified as heroin by the crime lab. A challenge to the "chain of custody" is simply a challenge to the authentication of evidence under Oregon Evidence Code (OEC) Rule 901(1) which provides:

> "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

As a general rule, when something is taken from a defendant for the purpose of testing, authentication must be established through testimony by the persons who had possession or custody of the item taken. *State v. Summers*, 277 Or App 412, 421, 371 P3d 1223, *rev den*, 360 Or 465 (2016). The trial court has discretion to determine how much is required under the circumstances to establish that "there is a reasonable probability that the evidence has not been changed in important respects." *Id*. at 421-23. We review the trial court's ruling for abuse of discretion. *Id.*

As we recently noted, "the requirements for authentication in Oregon will depend on the particular circumstances and the nature of the evidence that is offered." *State v. Sassarini*, 300 Or App 106, 126, 452 P3d 457 (2019). Accordingly, a court may vary the requirements for authentication where the "'exhibits are of a questionable type, or if the environment from whence they come suggests reasons that would cause the court to have more than a mere captious doubt about the authenticity of the exhibits, or about their identity, or about changes in their condition.'" *State v. Ruggles*, 214 Or App 612, 617, 167 P3d 471, *adh'd to as modified on recons*, 217 Or App 384, 175 P3d 502 (2007), *rev den*, 344 Or 280 (2008) (quoting *State v. Weber,* 172 Or App 704, 709, 19 P3d 378 (2001)).

Having reviewed the record in this case, while certainly more could have been established as to the handling of the evidence at issue, the trial court determined that was a topic for cross-examination, not a barrier to admissibility. We cannot conclude, as a matter of law, that the trial court abused its discretion in so concluding.

Defendant's third and fourth assignments of error challenge the trial court's denial of his motion for judgment of acquittal. On review of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether any rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Walker*, 356 Or 4, 6, 333 P3d 316 (2014). Here, in the light most favorable to the state, the evidence was legally sufficient to send the matter to the factfinder, and the trial court did not err in denying the motion for judgment of acquittal.

Affirmed.