Submitted September 20, affirmed November 17, 2010, petition for review denied February 3, 2011 (349 Or 602)

**JASON REED NIEHUS,**
*Petitioner-Appellant,*

*v.*

**Brian BELLEQUE,**
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
07C23994; A142493

243 P3d 808

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Petitioner was convicted of first-degree kidnapping, second-degree assault, and unlawful use of a weapon—a knife—for attacking his girlfriend in their apartment. Petitioner appeals from a judgment dismissing this action for post-conviction relief arising from those convictions. Of the five specifications of error that petitioner asserts on appeal, we reject four without discussion. We write to address petitioner's argument that his trial counsel was inadequate for failing to object to hearsay statements that the victim made to a peace officer about the domestic violence incident underlying petitioner's convictions. Because petitioner's counsel reasonably concluded that the statements were admissible under the hearsay exception set out in OEC 803(26), the post-conviction court did not err in determining that counsel was not inadequate for failing to object to the officer's testimony. Accordingly, we affirm.

Deputy Moquin responded to a neighbor's report that petitioner was assaulting his girlfriend, R. When he arrived at the apartment where petitioner and R lived, Moquin saw that R was crying hysterically and that she had a swollen face and lips and a laceration on her leg. Moquin testified that R told him that petitioner came home with a bottle of alcohol, that R objected to the presence of the alcohol, and that she and petitioner argued about it. During the argument, petitioner broke the bottle, took R to the ground, and punched her in the face and banged her head into the floor, causing her pain. The fight stopped for a while when R's son came into the room and left to call the police. However, while R was cleaning up, petitioner came into the bathroom with a knife and threatened to kill her. R told Moquin that she left the apartment, but petitioner caught her and dragged her back inside. Neighbors arrived while petitioner was assaulting R outside; shortly after dragging R inside, petitioner left. Petitioner's trial counsel did not object to Moquin's testimony recounting the foregoing version of events that R gave to him.

At trial, R admitted that she had made most of the challenged statements to Moquin, but she testified that she had lied to get petitioner in trouble and that she had injured

herself when she fell into a ditch after drinking at a friend's house. She further testified that she was angry because petitioner had told her about another girlfriend; she then smashed the bottle of alcohol and tripped and fell on her leg, thus injuring herself further. She stated that she had told her son to call the police and that, when petitioner tried to stop her from leaving, they fell to the floor together.

Other witnesses, including R's son and the neighbors, contradicted R's trial testimony; their testimony indicated that petitioner was the aggressor, that he violently grabbed R by the hair, punched her, and dragged her inside the apartment. The investigating officers also testified that R did not appear to be intoxicated, nor did she smell of alcohol.

After a bench trial, the trial court convicted petitioner of the offenses described above. This court affirmed those convictions on direct appeal, *State v. Niehus,* 209 Or App 816, 149 P3d 347 (2006), *rev den,* 342 Or 417 (2007), and petitioner then filed this action for post-conviction relief. The post-conviction trial court denied petitioner relief, and this appeal followed.

ORS 138.530(1)(a) requires that a court grant post-conviction relief when a petitioner meets her or his burden to establish by a preponderance of the evidence a "substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." A criminal defendant has a constitutional right, under Article I, section 11, of the Oregon Constitution "to be heard by himself and counsel." That right to counsel includes the right to "an adequate performance by counsel of those functions of professional assistance which an accused person relies upon counsel to perform on his behalf." *Krummacher v. Gierloff,* 290 Or 867, 872, 627 P2d 458 (1981). Thus, a claim of ineffective assistance of counsel is a claim that the petitioner was denied his or her rights under Article I, section 11.

Oregon courts apply a two-part test to determine whether a petitioner's right to effective assistance of counsel was violated:

" 'First, we must determine whether petitioner demonstrated by a preponderance of the evidence that [petitioner's lawyer] failed to exercise reasonable professional skill and judgment. Second, if we conclude that petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of his trial.' "

*Burdge v. Palmateer*, 338 Or 490, 492, 112 P3d 320 (2005) (quoting *Lichau v. Baldwin*, 333 Or 350, 358-59, 39 P3d 851 (2002)). That is, to be entitled to relief on a claim of denial of the right to effective assistance of counsel, a post-conviction petitioner must demonstrate by a preponderance of the evidence that (1) counsel performed deficiently and (2) counsel's deficient performance prejudiced the petitioner, that is, that it had a tendency to affect the result of the trial. "Whether a petitioner has demonstrated prejudice is a question of law that, in turn, may depend on the post-conviction court's findings of fact." *Wyatt v. Czerniak*, 223 Or App 307, 311, 195 P3d 912 (2008).

The federal standard has been stated similarly. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness * * * under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

■■ We review the post-conviction court's judgment for errors of law and to determine whether evidence supports its findings. *Monahan v. Belleque*, 234 Or App 93, 95, 227 P3d 777, *rev den*, 348 Or 669 (2010). In reviewing a claim of ineffective assistance of counsel, we "will not second-guess a lawyer's tactical decisions unless those decisions reflect an absence or suspension of professional skill and judgment[.]" *Cunningham v. Thompson*, 186 Or App 221, 226, 62 P3d 823 (2003), *rev den*, 337 Or 327 (2004). In this case, petitioner failed to prove that his trial counsel did not exercise reasonable professional judgment. Accordingly, we need not reach the issue of prejudice.

■ Trial counsel testified that he did not object to R's hearsay statements because he concluded that the statements were admissible under OEC 803(26). That conclusion was reasonable. OEC 803(26)(a) provides that a victim's report of "domestic violence" is admissible if it is made "within 24 hours after the incident occurred" and if it (1) was made to a peace officer as defined in ORS 161.015 and (2) has sufficient indicia of reliability. On appeal, petitioner focuses solely on the latter requirement, as do we.

In order to assess the reliability of a statement for purposes of OEC 803(26), the court must consider "all circumstances surrounding the statement" including, but not limited to, "the personal knowledge of the declarant[,] the "[t]iming of the statement[,]" and "[w]hether the statement is corroborated by [other] evidence[.]" OEC 803(26)(b). In this case, each of those indicia is present. R had personal knowledge of the events she recounted to Moquin, she made the statements within minutes after the incident ended, and she was still crying hysterically when she made them. In addition, eyewitnesses corroborated many details of her account, including that she had been injured, that she ran out of the apartment screaming for help, and that petitioner pursued her and dragged her by the hair back inside the apartment.

The fact that R later recanted the version of events that she gave to Moquin does not vitiate the reliability of that account. *See* OEC 803(26)(b)(E) ("Recantation by a declarant is not sufficient reason for denying admission of a statement under this subsection in the absence of other factors indicating unreliability."). There were no other factors that indicated that R's account to Moquin was unreliable. Accordingly, trial counsel reasonably concluded that the challenged statements were admissible, and the post-conviction court did not err in denying petitioner relief.

Affirmed.