Argued and submitted February 28, reversed and remanded July 27, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD LOREN LECKENBY,
*Appellant.*

## D0102506T, C012779CR; A118119 (Control), A118305
(Cases Consolidated)

117 P3d 273

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals his conviction for two counts of arson in the first degree, ORS 164.325, contending that the trial court erred in refusing to give a requested jury instruction on a lesser-included offense of reckless burning, ORS 164.335. We agree with defendant that the trial court erred and reverse.

On the evening of May 15, 2001, defendant was arrested for driving under the influence of intoxicants (DUII) and then released from custody. His girlfriend met him at the police station. They then went together to three different bars, where they had some drinks but also were refused service due to bad behavior and intoxication. Defendant and his girlfriend had an altercation. Defendant took a cab home by himself and broke a bedroom window to get into the rented duplex that he shared with his girlfriend. As he climbed through the broken window, defendant cut his back slightly on jagged glass.

Defendant called his parents and told them that he was bleeding and that his house smelled of smoke. The parents dialed 9-1-1, and in the early morning hours of May 16, police and fire units were dispatched to the duplex. When they arrived, police found the house filled with hazy smoke and in disarray; furniture had been knocked over and there were dents in the walls and the front door. Defendant was on the floor in the hallway outside the bedroom. He told police that, as he entered the house through the front door, he had been hit and stabbed. Officer Allen noted that defendant was intoxicated but not incoherent or stumbling. Paramedics treated him for a superficial cut on his back. An arson investigator arrived on the scene and found a partially burned highway flare in the kitchen underneath a microwave oven stand. The flare had damaged the floor. The investigator also found two charred rolls of toilet paper in the kitchen.

The state charged defendant with two counts of arson in the first degree under ORS 164.325, which provides, in part:

"(1) A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, the person intentionally damages:

"(a) Protected property of another;

"(b) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage[.]"

The indictment charged:

"Count 1

"The defendant, on or about May 16, 2001 in Washington County, Oregon, did unlawfully and intentionally damage protected property, a dwelling located at 2655 NE Parkwood Street in Hillsboro, the property of another, by starting a fire.

"Count 2

"As part of the same act and transaction alleged in count 1: The defendant, on or about May 16, 2001, in Washington County, Oregon, did unlawfully and intentionally damage certain property located at 2655 NE Parkwood Street in Hillsboro by starting a fire, whereby said defendant did recklessly place protected property, a dwelling located at 2655 NE Parkwood Street in Hillsboro, the property of another, in danger of damage."

Defendant concedes that the duplex is "protected property" within the meaning of ORS 164.325 and ORS 164.305.[1] Defendant admitted entering the duplex through the bedroom window. He presented evidence that he lit the flare as a light source and then involuntarily dropped it to the floor after it burned his arm. He said that he used a nearby bottle of 7-Up to douse the flame and did not intend to burn the duplex.

---

[1] ORS 164.305 provides:

"As used in ORS 164.305 to 164.377, except as the context requires otherwise:

"(1) 'Protected property' means any structure, place or thing customarily occupied by people, including 'public buildings' as defined by ORS 479.010 and 'forestland,' as defined by ORS 477.001.

"(2) 'Property of another' means property in which anyone other than the actor has a legal or equitable interest that the actor has no right to defeat or impair, even though the actor may also have such an interest in the property."

The only disputed issue for the jury was whether the state established that defendant had acted with the mental state necessary to commit the offense of arson in the first degree. In order to prove the offense of arson in the first degree, the state was required to show that, by starting a fire, defendant *intentionally* damaged "protected property" of another, ORS 164.325(1)(a), or *intentionally* damaged property that *recklessly* placed protected property of another in danger of damage. ORS 164.325(1)(b). The state's theory under Count 1 of the indictment was that defendant intentionally set fire to the duplex by lighting the flare and dropping it to the kitchen floor. The state's theory under Count 2 was that defendant intentionally set fire to the flare and the toilet paper and thereby recklessly placed the duplex in danger of damage. Defendant contended that he was too intoxicated to intend to cause damage to the duplex. The state conceded at trial that defendant was intoxicated at the time of the incident, but asserted that he nonetheless realized the consequences of his acts and therefore acted intentionally.

Defendant requested that the court instruct the jury on the offense of reckless burning as a lesser-included offense to arson. Under ORS 164.335, "[a] person commits the crime of reckless burning if the person recklessly damages property of another by fire or explosion." The court declined to give the requested instruction. The jury convicted defendant on both counts of the indictment, and the court entered a judgment of conviction on them.

Defendant appeals, asserting that the trial court erred in failing to give the requested lesser-included instruction. He contends that reckless burning is a lesser-included offense of arson in the first degree and that the evidence would permit the jury to find that he acted recklessly, rather than intentionally, in causing damage to the duplex.

■■ A crime is a lesser-included offense of another crime either if it is "necessarily included" in the greater offense because its elements are subsumed in the greater offense, or if it is specifically pleaded in the charging instrument. *State v. Moroney*, 289 Or 597, 600-01, 616 P2d 471 (1980). The state concedes that reckless burning can be a lesser-included offense to arson in the first degree, and that it probably is a

lesser-included offense to Count 1. We agree that reckless burning is a lesser-included offense to first-degree arson, because the elements of reckless burning are subsumed in the offense of first-degree arson. *See State v. Merideth*, 149 Or App 164, 166-67, 942 P2d 803, *rev den*, 326 Or 58 (1997); *but see State v. King*, 42 Or App 721, 601 P2d 845 (1979) ("reckless burning" is elevated to first-degree arson if protected property is endangered).

■■ A defendant is entitled to an instruction on an applicable lesser-included offense if the evidence and all reasonable inferences support submission of the lesser charge. *State v. Cunningham*, 320 Or 47, 57, 880 P2d 431 (1994). In reviewing the trial court's refusal to instruct the jury on an applicable lesser-included offense, "[w]e review the evidence in the light most favorable to the establishment of facts that would require those instructions." *State v. Boyce*, 120 Or App 299, 302, 852 P2d 276 (1993).

■ We consider first whether there is evidence from which it could be found that defendant committed the offense of reckless burning, and we conclude that there is. As noted, · there was evidence that defendant was intoxicated at the time that he was released from custody after his DUII arrest and when police arrived at the duplex in response to the 9-1-1 dispatch. Also, the state did not dispute that defendant was intoxicated when he crawled through the window and entered the duplex. There was evidence from which it could be found that defendant intentionally lit the flare but accidentally dropped it to the kitchen floor after it burned him. That evidence would support a finding that defendant acted recklessly in burning the floor.

The state acknowledges that the evidence would support the giving of a reckless-burning instruction with respect to Count 1. It contends, however, that, because defendant admitted that he intentionally lit the flare, he could not rationally have been acquitted under Count 2 even if he acted only recklessly in dropping the flare and burning the floor. Accordingly, the state contends that, under the evidence in this case, reckless burning cannot be a lesser-included offense of Count 2.

Count 2 of the indictment alleged that defendant intentionally *damaged* property by starting a fire and thereby recklessly placed the duplex in danger of damage. It is true that defendant admitted that he intentionally lit the flare. He denied, however, that he did so with the intention of damaging property. We reject the state's contention that, for purposes of the offense of arson, damage to the ignition source itself is damage to property by fire. *See State v. Whitley*, 295 Or 455, 666 P2d 1340 (1983) (rag lit by match or other incendiary device not property under arson statutory scheme); *State v. M.N.*, 267 NJ Super 482, 631 A2d 1267 (1993) (lighting match does not satisfy statutory requirement that the defendant "purposely start a fire"). We conclude, accordingly, that the evidence supported the giving of an instruction on reckless burning as to Count 2 of the indictment.

■ The state contends that any error in failing to give a lesser-included offense instruction was harmless. It argues that, had the jury been instructed on the lesser-included offense of reckless burning, under the "acquittal first" requirement of ORS 136.460(2)[2] it would first have had to find defendant not guilty of first-degree arson. The state reasons that, having convicted defendant of first-degree arson, the jury must have rejected the possibility that defendant acted only recklessly and thus would not have reached consideration of the lesser-included offense of reckless burning.

We expressly rejected that harmless error rationale in *State v. Moses*, 165 Or App 317, 325-26, 997 P2d 251, *rev den*, 331 Or 334 (2000). There, the defendant, charged with assault in the first degree, claimed that, because of intoxication, his conduct was reckless rather than intentional. The trial court declined to give an instruction on the lesser-included offense of reckless assault. We said that, because the court did not give the lesser-included offense instruction, the jury did not have a complete statement of the law that applied to the case. *Id.* at 326.

---

[2] ORS 136.460(2) provides, in part:

"The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense."

The state contends that *Moses* has been superseded by *State v. Horsley*, 169 Or App 438, 8 P3d 1021 (2000), *rev den*, 331 Or 692 (2001). In *Horsley*, we held that an "acquittal first" instruction consistent with ORS 136.160(2) did not violate the defendant's constitutional rights to due process or an impartial jury. Contrary to the state's contention, however, our holding in *Moses* is not inconsistent with *Horsley*. It is true that, under ORS 136.160(2), the jury literally must go through the sequence described in *Horsley* of confronting and rejecting the charged offense before considering the lesser offense. We are not prepared to say, however, that, if the jury is not aware of the lesser offense, it is unlikely to have an effect on how the jury evaluates the greater offense. Thus, even in light of *Horsley*, under *Moses* the jury must still have before it the instruction on the lesser offense if the evidence would support it.

Reversed and remanded.