Submitted on record and briefs January 16, reversed and remanded for entry of judgment granting post-conviction relief May 2, respondent's petition for reconsideration filed June 20 allowed by opinion September 5, 2007
See 214 Or App 696, _____ P3d _____ (2007)

DONALD RAY TROTTER,
*Petitioner-Appellant,*

*v.*

Anthony J. SANTOS,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV031304; A125574

157 P3d 1233

Erin G. Rohr and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief, arguing that his criminal trial counsel was constitutionally inadequate because counsel improperly precluded him from testifying and failed to request a jury instruction on lesser-included offenses. We do not address petitioner's contention that counsel precluded him from testifying, because we conclude that petitioner is entitled to relief based on counsel's failure to request the "lesser-included offense" jury instruction. We reverse and remand.

The facts are not in dispute. Evidence at petitioner's criminal trial showed that petitioner pointed a gun at another man, Knight, who grabbed the gun and pushed it up just as it went off. The bullet missed Knight, but the shot left powder burns on his neck. A jury found petitioner guilty of attempted murder with a firearm, among other offenses. Petitioner sought post-conviction relief, asserting that he had told his criminal trial counsel that he wanted to testify, but that counsel never called petitioner as a witness. Petitioner also asserted that counsel's performance was constitutionally deficient because counsel should have requested jury instructions on the lesser-included offenses of menacing and attempted first- and second-degree assault. The post-conviction court denied the petition for relief, and this appeal followed.

Petitioner renews the arguments that he made below. Because it is dispositive, we address only his second argument. Petitioner argues that menacing and attempted assault are lesser-included offenses of attempted murder. He contends further that the evidence at trial supported the submission of the lesser charges to the jury. According to petitioner, had the jury been instructed on the lesser-included offenses, it likely would have found either that he intended only to place Knight in fear or that he intended only to injure him and thus would have found him guilty of one of the lesser offenses rather than attempted murder. Petitioner claims that an attorney providing adequate representation would have requested an appropriate jury instruction and that, as a result of that failure, petitioner suffered prejudice. Petitioner

argues further that there is no evidence that his trial counsel made a tactical decision not to request an instruction on lesser-included offenses.

In response, defendant does not challenge petitioner's contention that he was entitled to the jury instruction. He argues only that counsel's failure to request the instruction was not prejudicial to petitioner. According to defendant, the jury could have considered the lesser offenses only if it first found petitioner not guilty of attempted murder. Because the jury found petitioner guilty of attempted murder, defendant argues, it could not have reached the lesser-included offenses even if the instruction had been given. Defendant relies on ORS 136.460(2), which provides:

> "The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense. If there is more than one lesser included offense, the jury shall consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense *only after finding the defendant not guilty of any more serious lesser included offenses.*"

■■ To prevail in a claim for post-conviction relief on the basis of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must show, by a preponderance of the evidence, that his or her counsel did not exercise reasonable professional judgment or skill and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Failure to request an appropriate jury instruction can constitute inadequate assistance. *Haynes v. State of Oregon*, 121 Or App 395, 399, 854 P2d 949 (1993).

■■ A crime is a lesser-included offense of another crime if its elements are included in the statutory definition of the greater offense or if it is expressly included in the greater offense as alleged in the indictment. *State v. Moroney*, 289 Or 597, 600, 616 P2d 471 (1980). We have previously held that attempted murder with a firearm includes both attempted first-degree assault with a firearm and menacing as lesser-included offenses.[1] *State v. Fox*, 98 Or App 356, 357, 779 P2d

---

[1] Attempted murder does not necessarily include first-degree attempted assault. The latter offense requires either the use of a deadly or dangerous weapon

197, *rev den*, 308 Or 608 (1989); *State v. Rainwater*, 26 Or App 593, 597, 553 P2d 1085 (1976). If a criminal defendant is charged with attempted murder with a firearm, a jury may properly convict the defendant of either attempted assault or menacing or both if the evidence establishes that the conduct charged as attempted murder also constituted those lesser offenses.

■■ Defendant does not argue here that petitioner's conduct, as established by the evidence, could not be found to constitute attempted assault or menacing. Accordingly, petitioner was entitled to have the jury instructed as to those lesser-included offenses. As petitioner points out, there is no indication that his criminal trial counsel made a tactical decision not to request the instruction. It follows that counsel's performance was inadequate if the failure to request the instruction prejudiced petitioner. We turn to defendant's argument that it did not.

We rejected similar arguments in the context of direct appeals in *State v. Moses*, 165 Or App 317, 997 P2d 251, *rev den*, 331 Or 334 (2000), and *State v. Leckenby*, 200 Or App 684, 117 P3d 273 (2005). In *Moses*, the defendant was charged with attempted aggravated murder after firing shots into an occupied van. At trial, he requested that the court instruct the jury on the lesser-included offense of recklessly endangering another person. The court refused to give the instruction, and the jury convicted the defendant of attempted aggravated murder. We held on appeal that the instruction should have been given, because the indictment alleged facts that constituted reckless endangerment. The state argued that the error was harmless because the jury had necessarily found that the defendant acted intentionally and with intent to kill. We disagreed: "Because the court did not give the lesser-included instructions, the jury did not have a complete statement of the law, and we are unable to determine what the verdict would have been had the jury been properly instructed." *Id.* at 326 (citing *State v. Naylor*, 291 Or 191, 197-98, 629 P2d 1308 (1981)).

___

or that the victim be under six years of age, ORS 163.185(1), neither of which are elements of the former, ORS 163.115. However, the indictment in this case specifically charged that defendant used a firearm in committing attempted murder. Thus, first-degree assault is included in the charged offense.

In *Leckenby*, the defendant was charged with arson. We held that the trial court erred in failing to instruct the jury on the lesser-included offense of reckless burning. The state argued that the error was harmless, this time expressly relying on ORS 136.460(2) as well as *State v. Horsley*, 169 Or App 438, 8 P3d 1021 (2000), *rev den*, 331 Or 692 (2001), in which we approved the giving of an "acquittal first" jury instruction consistent with that statute. The state contended that *Moses* had been superseded by *Horsley*. Again, we disagreed:

> "Contrary to the state's contention, however, our holding in *Moses* is not inconsistent with *Horsley*. It is true that, under ORS [136.460(2)], the jury literally must go through the sequence described in *Horsley* of confronting and rejecting the charged offense before considering the lesser offense. We are not prepared to say, however, that, if the jury is not aware of the lesser offense, it is unlikely to have an effect on how the jury evaluates the greater offense. Thus, even in light of *Horsley*, under *Moses* the jury must still have before it the instruction on the lesser offense if the evidence would support it."

*Leckenby*, 200 Or App at 691.

In light of our conclusions in *Moses* and *Leckenby* that failure to give a lesser-included offense jury instruction is not harmless if the instruction was warranted, we must also conclude that failure to request the instruction was prejudicial to petitioner. It follows that the trial court erred in denying petitioner's request for post-conviction relief.

Reversed and remanded for entry of judgment granting post-conviction relief.