On respondent's petition for reconsideration filed June 20, reconsideration allowed; former opinion (212 Or App 473, 157 P3d 1233) adhered to September 5, petition for review denied December 26, 2007 (343 Or 691)

DONALD RAY TROTTER,
*Petitioner-Appellant,*

*v.*

Anthony J. SANTOS,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV031304; A125574

167 P3d 488

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General, for petition.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant petitions for reconsideration of our opinion in *Trotter v. Santos*, 212 Or App 473, 157 P3d 1233 (2007), in which we held that petitioner's criminal trial counsel provided inadequate assistance because counsel failed to request a jury instruction on lesser-included offenses and that petitioner was thus entitled to post-conviction relief. Defendant argues in his petition that we misapplied the burden of proof. Specifically, defendant points to our statement that "there is no indication that [petitioner's] criminal trial counsel made a tactical decision not to request the instruction." *Id.* at 477. Defendant contends that the burden of proof in a post-conviction case is on the petitioner and, accordingly, that any deficiency in the record concerning whether counsel made a tactical decision cuts against petitioner.

Defendant did not brief that issue. Rather, as to petitioner's second assignment of error (concerning counsel's failure to request the lesser-included offense instruction), defendant argued only that counsel's failure was not prejudicial to petitioner, thereby implicitly conceding that that was the only issue before us. Petitioner even invited defendant to address the question that defendant now raises, asserting in his appellant's brief, "Defendant may argue that counsel's failure to request a lesser-included offense instruction was the result of a tactical decision. The post-conviction court, however, did not make that finding, and, moreover, the record would not have supported it." Notwithstanding that invitation, defendant's brief, as noted, focused exclusively on the alleged insufficiency of petitioner's proof of prejudice.

Given those circumstances, defendant's "tactical choice" argument comes too late. As we have explained,

"if ORAP 6.25(1)(e) were construed as permitting reconsideration on grounds for affirmance never urged on appeal, that provision would essentially become a catch-all, a resort for the belated ingenuity of losing respondents. That, in turn, could, and would, circumvent and subvert the reasoned sequence of briefing, argument, and decision that is the foundation of Oregon's appellate process."

*State v. Cunningham,* 184 Or App 292, 299, 57 P3d 149 (2002), *rev'd on other grounds,* 337 Or 528, 99 P3d 271 (2004).

Reconsideration allowed; former opinion adhered to.