Argued and submitted December 8, 2011, affirmed August 29, 2012, petition for review allowed March 7, 2013 (353 Or 410)

FELIPE PEREIDA-ALBA,
*Petitioner-Respondent,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
CV090464; A146174

284 P3d 1280

Ryan Kahn, Assistant Attorney General, argued the cause for appellant. With him on the briefs were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Erin K. Galli argued the cause for respondent. With her on the brief was Chilton & Galli, LLC.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment granting post-conviction relief to petitioner, contending that the post-conviction court erred in concluding that petitioner's trial counsel in his criminal case had provided him with constitutionally deficient legal representation by failing to request a jury instruction on a lesser-included offense. We affirm.

Petitioner was charged with first-degree robbery, ORS 164.415,[1] for using a dangerous weapon to prevent or overcome resistance in the course of committing theft. First-degree robbery is a Measure 11 offense that is subject to a mandatory 90-month sentence. ORS 137.700.

The undisputed facts underlying that charge are as follows. While in a grocery store, petitioner placed milk and snack cakes into his backpack and left the store without paying for them. The store security guard and another store employee confronted petitioner outside of the store. Petitioner turned and ran from the employees, but the security guard tackled him, restrained him, and ultimately forced him to return to the store. There, with the interpretive assistance of the other employee, who could communicate with petitioner in Spanish, the guard questioned petitioner about the theft of the milk and snack cakes.

What happened after the security guard brought defendant back to the store was disputed at the criminal trial. The security guard testified that, as he was reaching to take petitioner's backpack from him, petitioner ripped the backpack open, pulled a gun from it, and pointed the

---

[1] ORS 164.415(1) provides:

"A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon;

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

ORS 164.395(1) provides, as relevant:

"A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft[,] * * * the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

gun at the security guard for approximately five seconds. The guard testified that he told petitioner to go ahead and leave, at which point petitioner fled with the gun and the merchandise.

The other employee testified that the security guard told petitioner to empty his backpack. After petitioner was asked several times to do that, petitioner opened the backpack and removed the gun. According to the employee, petitioner pointed the gun at the security guard for a moment before aiming it at the ceiling. The employee further testified that petitioner did not appear to be threatening to harm anyone.

Petitioner testified that he was asked to show the security guard what was in his backpack but that he did not want to open the backpack because he knew that there was a gun in it. He testified that, after the security guard insisted on seeing what was in the backpack, he opened it and removed the gun. He explained that the security guard and the other employee became frightened upon seeing the gun and asked him to leave. He clarified, however, that he did not take the gun out of the backpack with the intention of threatening anyone and that he never pointed it at anyone.

The police apprehended petitioner three days later and discovered the gun, which was loaded and ready to fire, in his backpack. Petitioner was charged with first-degree robbery. At trial, petitioner's attorney argued to the jury that petitioner had removed the gun from the backpack because he was instructed to do so and that petitioner did not intend to use the gun to prevent or overcome resistance to his taking the snack cakes and milk. The jury convicted petitioner of first-degree robbery, the only crime with which he was charged in the case, and also found as an enhancement fact that defendant had used or threatened the immediate use of a firearm.[2]

---

[2] The state sought to impose an enhanced penalty pursuant to ORS 161.610 (enhanced penalty for use of a firearm during commission of a felony) and, consequently, was required to prove that petitioner had used or threatened the immediate use of a firearm.

Petitioner sought post-conviction relief, contending, among other things, that his trial attorney had provided him with constitutionally inadequate representation by failing to request a jury instruction on a lesser-included offense. Specifically, petitioner contended that his attorney should have requested a jury instruction on third-degree robbery, ORS 164.395, and that his attorney's failure to do so had prejudiced him.[3] Defendant disputed those contentions.

The post-conviction court found in favor of petitioner, explaining that, "[s]hort of evidence that the petitioner in this case instructed [his] trial attorney to take an 'all or nothing' approach as she did (and there is no such evidence) [, it could not] imagine why defense counsel would not have at least asked for * * * [a third-degree robbery] instruction[.]" The post-conviction court further found that, "on the facts of this case, no reasonably competent defense attorney would have failed to ask for one or more lesser[-]included [offense] instructions." It concluded that the attorney's failure to request a jury instruction on third-degree robbery prejudiced petitioner and, consequently, that petitioner was entitled to post-conviction relief in the form of a new trial on the charged crime.

Defendant appeals, contending that the post-conviction court erred in concluding that no reasonably competent defense attorney would have failed to ask for a jury instruction on a lesser-included offense. Specifically, defendant contends that a reasonable trial attorney could have made a strategic decision not to request such a jury instruction in petitioner's case because the attorney could believe that the jury, if given the choice between convicting petitioner of first-degree robbery or convicting him of no crime, was reasonably likely to acquit petitioner. Defendant further contends that the post-conviction court erred in

---

[3] Third-degree robbery, ORS 164.395, is a lesser-included offense of first-degree robbery, ORS 164.415. A crime is a lesser-included offense of another crime if it is "'necessarily included in the statutory definition of the crime.'" *State v. Moroney*, 289 Or 597, 600, 616 P2d 471 (1980) (quoting *State v. Washington*, 273 Or 829, 835, 543 P2d 1058 (1975)). Third-degree robbery is included in the statutory definition of first-degree robbery because a person commits first-degree robbery by violating ORS 164.395, that is by committing third-degree robbery, while armed with a deadly weapon, using or attempting to use a dangerous weapon, or causing or attempting to cause serious physical injury to any person.

granting relief because petitioner was not prejudiced by his trial attorney's failure to request a jury instruction on third-degree robbery, in light of the jury's finding that petitioner had used or threatened the immediate use of a firearm. *Compare* ORS 164.395 (third-degree robbery), *with* ORS 164.415(1)(b) (first-degree robbery).

Post-conviction relief is warranted when a petitioner establishes that he or she suffered a substantial denial of his or her rights under the state or federal constitutions. ORS 138.530(1)(a).

"To prevail in a claim for post-conviction relief on the basis of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must show, by a preponderance of the evidence, that his or her counsel did not exercise reasonable professional judgment or skill and that the petitioner suffered prejudice as a result."

*Trotter v. Santos*, 212 Or App 473, 476, 157 P3d 1233, *adh'd to on recons*, 214 Or App 696, 167 P3d 488, *rev den*, 343 Or 691 (2007).

One of the things that reasonably competent criminal defense attorneys are expected to do on behalf of their clients is to consider whether to request instructions on lesser-included criminal offenses. A failure to consider whether to make such a request in appropriate cases constitutes a failure to exercise professional skill and judgment. *See, e.g., id.* at 476-77. In addition, although the decision whether to request lesser-included instructions is a tactical decision for an attorney to make, there can be circumstances in which no reasonably competent attorney would fail to make such a request.

Here, the post-conviction court concluded that "no reasonably competent defense attorney would have failed to ask for one or more lesser[-]included [offense] instructions." There is no direct evidence in the record on whether petitioner's criminal defense attorney considered whether to make such a request. However, as we will explain, the record is sufficient to support a finding that the attorney did not consider whether to do that and, hence, failed to exercise professional skill and judgment.

Third-degree robbery is a lesser-included offense of first-degree robbery. *See* ORS 164.415(1) (person commits first-degree robbery by committing third-degree robbery, ORS 164.395, under circumstances constituting first-degree robbery). Based on the record in the underlying criminal trial, which was included in the post-conviction trial record, the post-conviction court could find that it was highly likely that the jury would convict petitioner of first-degree robbery, particularly when the only charge before the jury was first-degree robbery.

Further, the difference in sentences for first- and third-degree robbery convictions is great. The sentence that petitioner would and did receive for conviction for first-degree robbery is 90 months. In contrast, the sentence for a conviction for third-degree robbery would range between probation and 16 months' imprisonment, depending on petitioner's criminal-history score. *See* OAR 213-004-0001; OAR 213-017-0007(20).

Moreover, in contrast with other cases in which the need to address lesser-included offenses may undercut the arguments and strategies that a defense attorney can use to defend against more serious charges, instructing the jury on third-degree robbery would not have compromised the defense attorney's ability to defend against the first-degree robbery charge because of the distinction that could be made between the events that occurred outside the store, when petitioner was tackled and restrained by the security guard, and those that occurred inside the store when petitioner was questioned about the theft. The upshot is that there was no evident downside to petitioner from requesting an instruction on third-degree robbery and a significant potential benefit to him from doing so.

In light of those facts, the post-conviction court reasonably could infer that the defense attorney's failure to request an instruction on third-degree robbery was attributable to the attorney's failure to consider whether to make such a request. Hence, the post-conviction court did not err in concluding that the attorney had failed to exercise reasonable professional skill and judgment in representing petitioner.

Defendant further contends that petitioner is not entitled to post-conviction relief because he did not suffer prejudice as a result of his attorney's failure to request a jury instruction on third-degree robbery. As a general matter, an attorney's failure to request a jury instruction on a lesser-included offense prejudices the petitioner if the instruction was warranted. *Trotter*, 212 Or App at 478.[4] Defendant nonetheless contends that the attorney's failure to request such an instruction in this case could not have prejudiced petitioner because the jury explicitly found that petitioner had used or threatened the immediate use of a firearm. Consequently, according to defendant, the jury could not rationally have convicted petitioner of third-degree robbery rather than first-degree robbery even if the jury had received a third-degree robbery instruction.

We have previously rejected the proposition that a jury's conviction of a petitioner of an offense forecloses a finding by a post-conviction court that the petitioner was prejudiced by his or her attorney's failure to request a jury instruction on a lesser-included offense. *Id.* We recognized in *Trotter* that, because "'the jury did not have a complete statement of the law, * * * we are unable to determine what the verdict would have been had the jury been properly instructed.'" *Id.* at 477 (quoting *State v. Moses*, 165 Or App 317, 326, 997 P2d 251, *rev den*, 331 Or 334 (2000)).

That principle applies here. Whether a jury implicitly finds all of the facts necessary to convict a petitioner of a charged offense, as in *Trotter*, or explicitly makes those findings, as is the case here with the jury finding on the use or threatened use of a firearm, we cannot say that the jury's lack of awareness of a lesser offense is unlikely to have an effect on how the jury evaluates the greater offense. *See State v. Leckenby*, 200 Or App 684, 691, 117 P3d 273 (2005) ("We are not prepared to say * * * that, if the jury is not aware of the lesser offense, it is unlikely to have an effect on how the jury evaluates the greater offense."). Consequently, we conclude that the absence of a jury instruction on third-degree robbery prejudiced

---

[4] Defendant contends that the prejudice analysis in *Trotter* is flawed but provides no explanation for why that is the case. Consequently, we do not address that contention.

petitioner, and thus, he is entitled to post-conviction relief under Article I, section 11, of the Oregon Constitution based on his attorney's failure to request an instruction on that offense.

Affirmed.