Argued and submitted April 15, affirmed October 1, 2014

ARMANDO FLORES-SALAZAR,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV100864; A151198

337 P3d 141

Jason Weber argued the cause and filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and Sercombe, Judge, and Garrett, Judge.

DEVORE, P. J.

## DEVORE, P. J.

In this post-conviction case, we are asked to decide whether petitioner's counsel was inadequate in choosing an "all or nothing" strategy in defending petitioner rather than requesting a jury instruction on a lesser-included offense. Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that his attorney's failure to request a jury instruction on a lesser-included offense resulted in a conviction on a more serious offense with a longer prison sentence. Petitioner was acquitted of charges of burglary and attempted rape, but he was convicted by a jury of first-degree sexual abuse, ORS 163.427.[1] The court imposed a mandatory minimum sentence of 75 months' imprisonment. If, instead, he would have been convicted of third-degree sexual abuse, ORS 163.415(1)(a), arguably a lesser-included offense, then the maximum imprisonment would have been 12 months, ORS 161.615(1) (Class A misdemeanor).[2]

On review for errors of law, *Monahan v. Belleque*, 234 Or App 93, 95, 227 P3d 777, *rev den*, 348 Or 669 (2010), we affirm. We are bound by a post-conviction court's factual findings if they are supported by evidence in the record. *Wyatt v. Czerniak*, 223 Or App 307, 311, 195 P3d 912 (2008). If the post-conviction court did not expressly make factual findings, and if there is evidence from which the facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

---

[1] ORS 163.427(1) provides, in relevant part:

"A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and;

"*****

"(B) The victim is subjected to forcible compulsion by the actor[.]"

[2] Under ORS 163.415(1),

"[a] person commits the crime of sexual abuse in the third degree if:

"(a) The person subjects another person to sexual contact and:

"(A) The victim does not consent to the sexual contact; or

"(B) The victim is incapable of consent by reason of being under 18 years of age[.]"

The jury heard conflicting versions of an encounter in 2006 between petitioner and his 15-year-old neighbor. That encounter led to charges of first-degree sexual abuse "by means of forcible compulsion," ORS 163.427(1)(a)(B); first-degree burglary, ORS 164.225; and attempted first-degree rape, ORS 161.405 and ORS 163.375. The central issue at trial was whether the state could prove that petitioner had used "forcible compulsion."[3] On that point, the trial proved to be a credibility contest between the victim and petitioner.

The victim testified that, early one morning, petitioner entered her apartment without permission while she was getting ready for school. She recalled that, although she tried to push him away, petitioner hugged her and, without her consent, repeatedly kissed her on the mouth and neck. She eventually freed herself and moved toward the bedroom door, but, she said, petitioner threw her down on the bed, continued kissing her on the mouth and neck, and touched her back underneath her clothes. When she told him that her sister would return home shortly, petitioner left. On cross-examination, she testified that she had not cried out, pounded on the walls, or otherwise called for help during the incident.

Petitioner testified that he and the victim were acquaintances, that she had babysat for his children, and that she had flirted with him in the past. He said that they had agreed that he would stop by her apartment that morning to retrieve some DVDs that she had borrowed. When petitioner rang the doorbell, she told him to come in and seemed happy to see him. They hugged, he kissed her on the cheek, and they laid down on the bed, where he kissed her on the neck. In his view, the victim acquiesced and never struggled to get away. At no time, petitioner testified, did he force himself upon her. He did not admit to touching her back. He concurred that, when the victim said that her sister would return home, he left. To support his testimony, petitioner's

---

[3] ORS 163.305(2) defines forcible compulsion as either "[p]hysical force" or a "threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

defense attorney called witnesses to testify that the victim had previously flirted with him and that he had a reputation for honesty and peacefulness in the community. In closing argument, his attorney questioned the victim's credibility and noted the absence of evidence corroborating her story, such as bruising on her body or sounds of a struggle. Despite the "paper-thin" walls, a neighbor had heard nothing. Petitioner's counsel asked the jury to find that forcible compulsion had not been used.

The effect of that defense strategy was reflected in the jury's deliberations. During deliberations, the jury requested an instruction on the "forcible compulsion" element of first-degree sexual abuse. When the jury returned its verdict, petitioner was convicted of first-degree sexual abuse and acquitted of burglary and attempted rape. A jury poll disclosed that the vote to convict petitioner was 11 in favor and one against first-degree sexual abuse. Petitioner's direct appeal was affirmed without opinion. *State v. Flores-Salazar*, 230 Or App 756, 217 P3d 703 (2009).

In this post-conviction proceeding, petitioner sought to void his conviction and be granted a new trial. He argues that his attorney provided constitutionally inadequate assistance by, among other things, failing to request a jury instruction on third-degree sexual abuse as a lesser-included offense of first-degree sexual abuse. According to petitioner, there would have been no disadvantage to requesting such an instruction, because it would not have precluded an outright acquittal on all charges. With no apparent disadvantage, and with the potential for a shorter prison sentence if convicted of the lesser-included offense only, petitioner concludes that it was an unreasonable tactical decision to fail to request the lesser-included-offense instruction.

The state responds that trial counsel made a conscious, reasonable, tactical decision not to request the lesser-included-offense instruction based on the strength of the defense against the existing charges. The state says that the case boiled down to a credibility contest, that petitioner had witnesses to bolster his credibility, that trial counsel believed he could impeach the victim about the incident, and that the defense could present a plausible alternative motive

for the victim's allegations. The state offered a declaration from petitioner's former trial attorney, recalling his discussion with petitioner about the first-degree sexual abuse charge. The attorney declared:

> "As part of the case preparation, I carefully explained to Petitioner the elements of Count 1. We thoroughly explored the facts of the case. We exhausted all possible defense theories that could be employed. Petitioner told me that he was not guilty of Count 1. In particular, Petitioner denied that he ever used 'forcible compulsion' when he tried to initiate an intimate relationship with the victim. Petitioner reported that the encounter was consensual, that the victim invited him to her apartment to explore their relationship[.]"

As for the possibility of giving the jury the option to convict on a lesser-included offense of third-degree sexual abuse, the attorney continued:

> "Tactical decisions, such as jury instruction selection are tactical in nature. In essence, Petitioner now seeks to retrospectively plea bargain with the jury. In contrast, we were going for an outright win. Petitioner's denial of the 'forcible compulsion' element created a credibility contest between the victim and Petitioner. After interviewing many women from the apartment complex where Petitioner and the victim lived, we decided that we could persuade a jury that there was no force used at all. * * * In short, a strategy decision was made to go for a win and the closing argument was tailored to reach that conclusion."

The state contends that a reasonable attorney could have viewed the chances of acquittal on all charges as being good. Thus, the state argues, trial counsel made a conscious tactical decision "to go for a win," and that decision was not unreasonable under the circumstances.

Contrary to petitioner's position, the state posits that there was a disadvantage to requesting an instruction on third-degree sexual abuse: there was the possibility that petitioner would be convicted of that lesser offense, as opposed to being acquitted outright. Although the jury could have concluded that petitioner did not use forcible compulsion, which was an element needed for first-degree sexual abuse, the jury could have found alternate elements needed for third-degree sexual abuse: the victim either did

not consent or was under 18. *See* ORS 163.415(1)(a)(A), (B). That outcome would have exposed petitioner to the disadvantage of a 12-month sentence. Although shorter, such imprisonment is not the equivalent of complete acquittal.

The post-conviction court denied petitioner's claim, concluding, among other things, that it was a "reasonable strategy" to seek a full acquittal. Petitioner challenges the several reasons upon which the post-conviction court relied to deny relief. We write only about the tactical choice not to request an instruction on the lesser-included offense.[4]

Post-conviction relief is warranted when a petitioner establishes that the petitioner suffered a substantial denial of his or her rights under the state or federal constitution.[5] ORS 138.530(1)(a). Under Article I, section 11, of the Oregon Constitution, a criminal defendant has a right to counsel, which includes "the right to 'an adequate performance by counsel of those functions of professional assistance which an accused person relies upon counsel to perform on his behalf.'" *Niehus v. Belleque*, 238 Or App 619, 622, 243 P3d 808 (2010), *rev den*, 349 Or 602 (2011) (quoting *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981)). In order to prevail on his claim under Article I, section 11, petitioner must prove, by a preponderance of the evidence, that "(1) counsel performed deficiently and (2) counsel's deficient performance prejudiced the petitioner, that is, that it had a tendency to affect the result of trial." *Niehus*, 238 Or App at 623. Under the Sixth Amendment, petitioner must prove that his trial counsel's representation "fell below an objective standard of reasonableness" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

---

[4] The defense attorney observed that it was "not clear" at the time of trial that third-degree sexual abuse was a lesser-included offense of first-degree sexual abuse. For purposes of discussion here, we assume without deciding that third-degree sexual abuse is a lesser-included offense of first-degree sexual abuse as appears on these facts. Given our conclusion about the attorney's choice not to request the instruction, we are not called upon to decide the issue.

[5] Article I, section 11, of the Oregon Constitution provides, in pertinent part, "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel." The Sixth Amendment similarly provides, in part, "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence."

*Strickland v. Washington*, 466 US 668, 687-94, 104 S Ct 2052, 80 L Ed 2d 674 (1984). The tests, under both constitutions, to determine the adequacy of counsel are functionally equivalent. *Montez v. Czerniak*, 237 Or App 276, 278 n 1, 239 P3d 1023 (2010), *aff'd*, 355 Or 1, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 598 (2014).

The decision whether to request a lesser-included instruction "is a tactical decision for an attorney to make[.]" *Pereida-Alba v. Coursey*, 252 Or App 66, 70, 284 P3d 1280 (2012), *rev allowed*, 353 Or 410 (2013). "It is well established that a reviewing court will not second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment." *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001) (citing *Krummacher*, 290 Or at 875-77. We therefore "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance," *Peters v. Belleque*, 241 Or App 701, 709, 250 P3d 456, *rev den*, 350 Or 571 (2011) (quoting *Strickland*, 466 US at 689), and we "make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight," *Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002); *see Krummacher*, 290 Or at 875 ("The constitution gives no defendant the right to a perfect defense—seldom does a lawyer walk away from a trial without thinking of something that might have been done differently or that he would have preferred to have avoided.").

We find petitioner's reliance on two recent cases, *Pereida-Alba*, 252 Or App at 70, and *Bostwick v. Coursey*, 252 Or App 332, 287 P3d 1168 (2012), to be misplaced. Those cases differ in important ways. First, there was no evidence describing whether or how the defense attorneys made a decision not to seek a lesser included instruction. In the absence of direct evidence concerning each attorney's strategy, we determined that the post-conviction courts could reasonably infer that the attorney failed to consider making the request for an instruction on a lesser-included offense. *See Pereida-Alba*, 252 Or App at 70 (even without direct evidence, "the record is sufficient to support a finding that the attorney did not consider whether to [request

a lesser-included instruction] and, hence, failed to exercise reasonable professional skill and judgment"); *Bostwick*, 252 Or App at 342 ("On this record, * * * the most likely inference is the one that we presume the post-conviction court drew: that petitioner's counsel simply did not consider asking the trial court to convict petitioner of a lesser degree of assault instead of second-degree.").

Second, there was no disadvantage to requesting the instruction in those cases. *Pereida-Alba*, 252 Or App at 71 ("[T]here was no evident downside to petitioner from requesting an instruction on [the lesser-included offense] and significant potential benefit to him from doing so."); *Bostwick*, 252 Or App at 342 ("[T]here was little if anything to lose by requesting that the court consider that lesser-included offense, and much to gain * * *."). We concluded that, because a failure to request the lesser-included offense instruction was not deliberate and tactical, it reflected an absence of professional skill and judgment in considering whether to request such an instruction. That failure revealed the inadequate assistance of counsel. We affirmed judgments granting post-conviction relief.

A better parallel can be found in *Cunningham v. Thompson*, 186 Or App 221, 62 P3d 823, *adh'd to as modified on recons*, 188 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004). In the criminal trial, the petitioner had claimed that he had consensual sex with the victim, that the victim came at him with his knife, and that her death ensued in a struggle. He was convicted of first-degree rape and aggravated murder. In the post-conviction proceeding, he argued, among other things, that his trial counsel was inadequate for failing to request an instruction on first-degree sexual abuse as a lesser-included offense of first-degree rape. Unpersuaded, we observed that trial counsel had made a reasonable tactical choice not to request that instruction, because it would have conflicted with the defense theory that the petitioner had consensual sex with the victim. We explained:

> "This is not a case where '[n]o tactical advantage could have been gained' by not requesting the instruction. * * * The fact that trial counsel's tactical choice entailed a risk that the

> jury would find petitioner guilty of [the more serious crime] does not obviate the potential benefit that, consistently with petitioner's theory, the jury would find him not guilty of the greater offense of rape. 'Adequacy of assistance of counsel *** allows for tactical choices that backfire, because, by their nature, trials often involve risk.' *Krummacher*, 290 Or at 875[.] *** In short, petitioner's criminal trial counsel's deliberate choice not to request an instruction on the lesser included offense of first-degree sexual abuse was a product of reason and professional judgment."

*Id.* at 238-39 (first brackets in original). Finding no inadequate assistance of counsel, we affirmed the post-conviction court's denial of relief.

Unlike *Bostwick* or *Pereida-Alba*, there is here evidence that the defense attorney in this case made a conscious, tactical decision not to request a lesser-included offense instruction. Like *Cunningham*, the attorney made a "deliberate choice not to request an instruction on the lesser included offense" and that decision "was a product of reason and professional judgment." Petitioner's attorney explained, "we decided that we could persuade a jury that there was no force used at all." To convict on first-degree sexual abuse, the state needed to prove "forcible compulsion." ORS 163.427. Petitioner's defense was that there was none. His attorney recounted that "a strategy decision was made to go for a win."

Unlike *Bostwick* or *Pereida-Alba*, a jury instruction on a lesser-included offense would have added a downside risk. Petitioner had not admitted to facts for which he could be convicted of third-degree sexual abuse. Like *Cunningham*, petitioner's central theory of the case was founded on consensual contact. Petitioner was denying any crime, not admitting a lesser one. If only first-degree sexual abuse remained at issue, then the jury's finding that no forcible compulsion was used would have meant petitioner's complete acquittal. If, however, third-degree sexual abuse were considered, then the jury's adverse finding on consent or age would have meant conviction and the chance of imprisonment. To ask for the lesser-included offense would have had the disadvantage of severely reducing petitioner's chance of complete acquittal.

Trial counsel explained the elements of first-degree sexual abuse, "thoroughly explored the facts of the case," and "exhausted all possible defense theories." Trial counsel developed a strategy on instructions consistent with petitioner's theory of the case and his account of the facts. In hindsight, petitioner may wish that he had proceeded differently, but, under the circumstances at the time of trial, counsel's decision was a reasonable exercise of professional skill and judgment. Petitioner's defense was not constitutionally inadequate.

Affirmed.