BALDWIN, J.,
dissenting.
The issue in this case is whether petitioner’s trial counsel failed to exercise reasonable professional skill and judgment resulting in prejudice to petitioner when she did not request a jury instruction on a lesser-included offense carrying a presumptive term of probation and petitioner was instead convicted of a greater offense carrying a mandatory 90-month prison term. Reversing the judgments of the trial court and the Court of Appeals, the majority concludes that trial counsel could have reasonably decided not to request the lesser-included instruction. I respectfully dissent.
This is a case where petitioner admitted at trial that he shoplifted and that he had a handgun in his backpack *677 at the time he did so. Without a lesser-included instruction, the jury was faced with two options only — convict petitioner of first-degree robbery or fully acquit him when he had admitted criminal wrongdoing and might have posed a threat to the community. Under those circumstances, and absent any evidence that petitioner directed trial counsel to take a high-risk “all or nothing” strategy, the veteran trial judge below could not conceive of a scenario where a reasonable attorney would not have requested a lesser-included third-degree robbery instruction. Further, the state has not disputed that petitioner was entitled to receive that lesser-included instruction based on the evidence.
Although the Court of Appeals affirmed the trial court’s judgment based on a conclusion that the record was sufficient to support a finding that trial counsel did not consider whether to request the lesser-included instruction, its core analysis is persuasive and in accord with this court’s prior case law:[1]
“Third-degree robbery is a lesser-included offense of first-degree robbery. See ORS 164.415(1) (person commits first-degree robbery by committing third-degree robbery, ORS 164.395, under circumstances constituting first-degree robbery). Based on the record in the underlying criminal trial, which was included in the post-conviction trial record, the post-conviction court could find that it was highly likely that the jury would convict petitioner of first-degree robbery, particularly when the only charge before the jury was first-degree robbery.
“Further, the difference in sentences for first- and third-degree robbery convictions is great. The sentence that petitioner would and did receive for conviction for first-degree robbery is 90 months. In contrast, the sentence for a conviction for third-degree robbery would range between probation and 16 months’ imprisonment, depending on *678 petitioner’s criminal-history score. See OAR 213-004-0001; OAR 213-017-0007(20).
“Moreover, in contrast with other cases in which the need to address lesser-included offenses may undercut the arguments and strategies that a defense attorney can use to defend against more serious charges, instructing the jury on third-degree robbery would not have compromised the defense attorney’s ability to defend against the first-degree robbery charge because of the distinction that could be made between the events that occurred outside the store, when petitioner was tackled and restrained by the security guard, and those that occurred inside the store when petitioner was questioned about the theft. The upshot is that there was no evident downside to petitioner from requesting an instruction on third-degree robbery and a significant potential benefit to him from doing so.”
Pereida-Alba v. Coursey, 252 Or App 66, 71, 284 P3d 1280 (2012).
On review, the majority has correctly identified the question of whether counsel reasonably could have chosen to forego asking for an instruction on third-degree robbery as a legal issue. See Trujillo v. Maass, 312 Or 431, 435, 822 P2d 703 (1991). In approaching that issue, the majority cites Beck v. Alabama, 447 US 625, 100 S Ct 2382, 65 L Ed 2d 392 (1980), and State v. Naylor, 291 Or 191, 629 P2d 1308 (1981), for the general proposition that “courts have recognized, in different contexts, that the absence of an instruction on a lesser-included offense can affect the jury’s verdict.” 356 Or at 664. The majority also correctly relies on Beck and Naylor for the observation that a jury’s verdict may be affected when the evidence that a defendant committed a greater crime is doubtful and there is evidence that a lesser-included offense has been committed but an instruction on the lesser-included offense has not been given. Claiming to draw on the rationale of these cases, the majority then creates a new test in post-conviction cases where prejudice results from a failure of counsel to request a lesser-included instruction; however, that test is faulty.
Although the majority recognizes that a failure to request a lesser-included instruction may constitute inadequate assistance of counsel, it now creates a novel *679 requirement that a petitioner must demonstrate that the evidence relating to the commission of the lesser-included offense was strong in order to obtain post-conviction relief:
“The question is not solely whether evidence that a defendant committed the greater crime was doubtful; rather, the other half of the question is what was the strength of the evidence that the defendant had committed a serious lesser crime. ***
“In this case, the evidence that petitioner committed the lesser-included crime of third-degree robbery can be described only as slight.”
356 Or at 666.1 do not think that the new test fashioned by the majority is sound.
In Beck, the United States Supreme Court held that, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the death penalty could not be imposed when a jury, based on a state law prohibition, was not permitted to consider defendant’s guilt of a lesser-included noncapital offense when evidence in the record would have supported a guilty verdict on the noncapital offense. The Court’s decision was largely based on the enhanced risk of an unwarranted death penalty conviction when a jury is deprived of a “third option” of convicting a defendant on a lesser-included offense:
“While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this. For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense — but leaves some doubt with respect to an element that would justify conviction of a capital offense — the failure to give the jury the “third option” of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.
«* * * * *
“*** Thus, on the one hand, the unavailability of the third option of convicting on a lesser included offense may *680 encourage the jury to convict for an impermissible reason— its belief that the defendant is guilty of some serious crime and should be punished. On the other hand, the apparently mandatory nature of the death penalty may encourage it to acquit for an equally impermissible reason — that, whatever his crime, the defendant does not deserve death. In any particular case these two extraneous factors may favor the defendant or the prosecution or they may cancel each other out. But in every case they introduce a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case.”
Beck, 447 US at 637, 642-43 (footnote omitted).
In Beck, there was no question that the defendant was entitled to a lesser-included instruction absent a statute prohibiting such instructions in death-penalty cases. The Court did not find it necessary to discuss the sufficiency of the evidence to support the lesser-included instruction. Simply put, Beck does not stand for the proposition that a state court in a post-conviction proceeding must or should assess how strong the evidence is in support of a lesser-included offense in reviewing a lawyer’s failure to request a lesser-included instruction when there is evidence to support the lesser-included instruction.[2] To the extent that Beck does have a bearing on this case, the Court’s observations about the significant risk of an unjustified conviction when a jury is not provided with a “third option” tends to support petitioner’s position in this case.
In Naylor, this court held that a trial court’s error in failing to give an instruction on a lesser-included offense was not harmless. Defendant was convicted of first-degree *681 burglary when “ [t]here was evidence which, if believed, would have justified only a verdict and conviction of criminal trespass in the second degree.” 291 Or at 193. The court did not have occasion to discuss any issue relating to the strength or sufficiency of the evidence supporting the lesser-included offense. Rather, the court observed that the legislature, by enacting ORS 136.465, intended to provide a jury with a “third option” when there is any evidence which would support a verdict on a lesser offense and the jury would otherwise be faced, as they were here, with the limited option of conviction or acquittal:
“ORS 136.465 represents a legislative choice that both the state and the defendant shall have a right to have a jury, in appropriate circumstances, consider whether the defendant is guilty of an offense less than that with which the defendant has been charged. One of the apparent reasons for the grant to the jury of this power is to avoid placing the jury in the position of making an all-or-nothing choice as between guilt and innocence where there is evidence which would justify a verdict of guilty of a lesser offense. The difficulty with presenting the jury with the all- or-nothing choice is that the jury may believe a defendant to be guilty of some apparent violation of the criminal code but not of the crime charged. The jury is then confronted with the choice of finding innocent a defendant it believes has been guilty of wrongdoing or finding a defendant guilty of a crime greater than that which the jury believes he has committed. That result of such a choice may in one case redound to the benefit of the defendant and, in another, to the “benefit of the prosecution,” assuming that an unjustified conviction can ever be found to be to the benefit of the people. By statute the legislature provides the means for avoidance of this Hobson’s choice.”
Naylor, 291 Or at 198-99 (footnote omitted) (emphasis added). Naylor is neither binding nor persuasive authority for the constricted requirement the court creates today. To the contrary, the rationale of Naylor also tends to support petitioner’s position in this case. See also Zolotoff, 354 Or 711, 718, 320 P3d 561 (2014) (“ORS 136.460(2) does not preclude the jury from contemplating the law as it applies to lesser-included offenses when deliberating about the charged offense.”).
*682 As stated, both Beck and Naylor express the serious concern that a failure to give a lesser-included instruction may result in an unjustified conviction of a greater offense when a lesser-included instruction is supported by sufficient evidence to support a jury finding that a defendant is guilty of the lesser offense. Neither opinion states that such a concern is absent where the evidence that the defendant committed the lesser offense is doubtful or not “substantial.” As noted, in Naylor, the court stated that a jury should be presented with a “third option” of a lesser-included offense “where there is evidence which would justify a verdict of guilty of a lesser offense.” 291 Or at 198. With respect, the test that the majority creates also misconceives the role of a reviewing court in such cases. So long as there is sufficient evidence to justify a guilty verdict of a lesser offense, it is for a jury to determine whether the defendant has committed a greater or a lesser offense.
This court recently stated that, in evaluating the reasonableness of trial counsel’s representation, “we do not inquire into counsel’s subjective state of mind; instead, we inquire into the objective reasonableness of counsel’s performance.” Montez v. Czerniak, 355 Or 1, 8, 322 P3d 487 (2014) (citing Harrington v. Richter, 562 US 86, 131 S Ct 770, 178 L Ed 2d 624 (2011)). Based on an objective review of the record in this case, I can conclude only that petitioner’s trial counsel could not reasonably have decided not to request the lesser-included instruction that petitioner was entitled to receive under ORS 136.460. Petitioner was charged with first-degree robbery, a Class A felony carrying a mandatory 90-month prison term. It is undisputed that the evidence was doubtful that petitioner had used his firearm to retain the items that he had shoplifted. Nevertheless, if petitioner were convicted of the charged offense, the trial court was required to impose the full 90-month prison term (as it did). It is also undisputed that there was evidence that justified a verdict of the lesser offense of third-degree robbery, a Class C felony carrying a presumptive term of probation. There is no evidence in the record tending to show that petitioner requested that he risk the benefit of a term of probation over a lengthy prison term or that trial counsel had a reason for adopting such a high-risk “all or nothing” strategy that could *683 result in petitioner serving a lengthy prison term. As stated by the trial court and the Court of Appeals, there was no evident upside to trial counsel failing to protect petitioner from a conviction on a greater offense carrying a lengthy mandatory prison term as compared to a conviction on a lesser offense carrying a presumptive term of probation; the downside was obvious. Thus, petitioner met his burden of proving that his trial counsel failed to exercise reasonable professional skill and judgment by not requesting the lesser-included instruction and that the failure resulted in prejudice to petitioner. Trujillo, 312 Or at 435.
Further, this court has long observed that
“[e]rrors which result from a failure to use the professional skill and judgment for which the lawyer is employed cannot be characterized as tactical choices. In other words, if counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment.”
Krummacher v. Gierloff, 290 Or 867, 875-76, 627 P2d 458 (1981). As stated, petitioner has demonstrated that his trial counsel failed to exercise the reasonable professional skill and judgment for which she was employed; that failure cannot properly be characterized as a tactical choice. See also Stevens v. State of Oregon, 322 Or 101, 109, 902 P2d 1137 (1995) (“[T]he fact that a lawyer has made a ‘tactical decision’ does not mean that the lawyer’s choice meets the constitutional standard for adequate assistance of counsel.”).
Finally, the majority has failed to give adequate weight to the trial court’s considered assessment of the reasonableness of trial counsel’s representation in this case. Instead, the majority has substituted its own judgment for that of the trial court without a persuasive explanation of why it has done so. Moreover, the majority appears to speculate about trial counsel’s subjective state of mind and the abstract possibility that counsel might have made a tactical decision not to request the lesser-included instruction. The *684 majority should have focused on the objective reasonableness of trial counsel’s performance as required by Montez. Viewed objectively, counsel’s failure to request the lesser-included instruction was not reasonable. I therefore respectfully dissent.

 Although the core analysis of the Court of Appeals decision is sound, the court’s description of its ruling is overly broad when it suggests that a defendant is always prejudiced by trial counsel’s failure to request a lesser-included instruction when the jury “ [does] not have a complete statement of the law.” Pereida-Alba v. Coursey, 252 Or App 66, 72, 284 P3d 1280 (2012). As this court has stated, “in many instances, a trial court’s failure to give a lesser-included instruction, although error, may be harmless error.” State v. Zolotoff, 354 Or 711, 719, 320 P3d 561 (2014).

 The majority’s interpretation of Beck is undermined by the United States Supreme Court’s subsequent discussion of that case:
“Beck held that due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. * * * The federal rule is that a lesser included offense instruction should be given ‘if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater.’”
Hopper v. Evans, 456 US 605, 611-12, 102 S Ct 2049, 72 L Ed 2d 367 (1982) (quoting Keeble v. United States, 412 US 205, 208, 93 S Ct 1993, 36 L Ed 2d 844 (1973)); see also Aguilar v. Dretke, 428 F3d 526, 531 (5th Cir 2005) (under Beck, “[a] defendant is entitled to the instruction if the jury could rationally acquit the defendant on the capital crime and convict on the non-capital crime”).