Submitted June 27, reversed and remanded November 21, 2012, petition for review allowed March 28, 2013 (353 Or 428)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL STEVEN ZOLOTOFF,
*Defendant-Appellant.*

Marion County Circuit Court
09C42126; A145303

291 P3d 781

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

Defendant appeals the trial court's judgment convicting him of one count of possession of a weapon by an inmate. ORS 166.275. On appeal, defendant contends that the trial court erred in refusing to give the jury an instruction for attempted possession of a weapon by an inmate. We agree with the state's concession that the trial court erred but reject its argument that the error was harmless. Accordingly, we reverse and remand.

We briefly recount the facts in the light most favorable to the giving of defendant's requested instruction. *State v. Taylor*, 207 Or App 649, 666, 142 P3d 1093 (2006), *rev den*, 342 Or 299 (2007). In 2009, defendant was incarcerated at the Marion County Correctional Facility in a single-occupancy cell when Deputies Brazeal and Dunbar found a broken spoon attached to the underside of the toilet bowl with caulking from the cell window. The spoon was approximately three inches long and appeared to a certain extent to be sharpened. At trial, Brazeal testified that the round part of the spoon had been removed and that the spoon handle "was starting to angle at the head of it— starting to sharpen it." Because it appeared to be filed down, Brazeal believed that defendant had purposely broken the spoon and "was trying to make some sort of weapon out of it." Brazeal believed that defendant could have used the spoon as a weapon against someone at the facility, but that the spoon could have been sharpened even further. Dunbar testified that defendant was "in the process of making a stabbing device." He also believed that defendant could have used the spoon to stab either a deputy or another inmate. In addition, Deputy Herring testified that the spoon appeared to be a "shank," which is a prison term for an item that has been turned into weapon, that can be used as a knife, dagger, or stabbing instrument.

Before trial, defendant requested the uniform criminal jury instruction on attempt crimes for "attempted possession of a weapon by an inmate." At the pretrial hearing, the prosecutor objected to defendant's jury instruction, arguing that it could not be given unless the charged crime required intentional conduct, as do attempt crimes, but the

charged crime required defendant to act knowingly, *State v. Wolfe*, 288 Or 521, 525-26, 605 P2d 1185 (1980). The trial court agreed with the state's objection and refused to give the instruction. After the court instructed the jury and after closing arguments, defendant took exception to the ruling. The jury found defendant guilty of one count of possession of a weapon by an inmate.[1]

On appeal, defendant assigns error to the trial court's refusal to instruct the jury on the offense of attempted possession of a weapon by an inmate. He contends that (1) attempted possession of a weapon by an inmate is a lesser offense of the charged crime, even though the charged crime has a different mental state requirement than the attempt crime, and (2) because the spoon was not sharp, the jury could have found that he intentionally attempted to possess a weapon, rather than knowingly possessed one. We accept the state's concession that the trial court erred.

First, we agree that the attempt crime is cognizable, despite the differing culpable mental states between the completed crime charged in this case and the attempt crime. Under ORS 136.465, a defendant generally may be convicted of attempt to commit a completed crime:

> "*In all cases*, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or *of an attempt to commit such crime*."

(Emphasis added.) And, that is generally true even if the mental state requirement of the completed crime is different from the mental state requirement for attempt.[2] *See State v.*

---

[1] The crime of possession of a weapon by an inmate is codified in ORS 166.275, which provides:

"Any person committed to any institution who, while under the jurisdiction of any institution or while being conveyed to or from any institution, possesses or carries upon the person, or has under the custody or control of the person any dangerous instrument, or any weapon * * * is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the custody of the Department of Corrections for a term not more than 20 years."

[2] However, because an attempt to commit a charged crime involves an intentional act that constitutes a substantial step toward the commission of a crime, we have held that a person cannot attempt to commit acts recklessly. *State v. Smith*, 21 Or App 270, 278-79, 534 P2d 1180 (1975) (error to instruct jury on theory of attempted reckless murder).

*Baty*, 243 Or App 77, 86, 259 P3d 98 (2011) (concluding that when charged with driving under the influence of intoxicants, a strict liability offense, a defendant is also entitled to a jury instruction for attempt). There is no incongruity between intentionally taking a substantial step toward possession of a weapon, *see* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."), and knowing possession of a weapon by an inmate.

Second, we agree that defendant was entitled to his requested jury instruction on the attempt crime, because the instruction correctly stated the law and was supported by evidence in the record. *State v. Branch*, 208 Or App 286, 288, 144 P3d 1010 (2006). The state concedes that the requested instruction contains a correct statement of the law. The state also concedes that the record supports an attempt instruction because there was evidence from which a jury could infer that the spoon in defendant's possession was not yet a weapon because he had not completed sharpening it and was merely in the process of making a weapon. Those concessions are well taken. The trial court erred in failing to instruct the jury on the offense of attempted possession of a weapon by an inmate.

Although the state concedes error, it contends that the error was harmless. The state contends that, if the trial court had instructed the jury on attempt, under the "acquittal first" requirement of ORS 136.460(2) ("Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense."), the jury would have been required to find defendant not guilty on the charged crime before it could deliberate on the attempt offense. According to the state, because the jury found defendant guilty of the charged offense, it would not have had the opportunity to consider the attempt crime and, thus, the error was harmless. We disagree.

We have rejected the state's harmless error argument before in the context of lesser-included offenses. In *State v. Leckenby*, 200 Or App 684, 117 P3d 273 (2005), we relied on *State v. Moses*, 165 Or App 317, 325-26, 997

P2d 251, *rev den*, 331 Or 334 (2000), for the proposition that, when a court does not give a lesser-included offense instruction, the jury does not have a complete statement of the law that applied to the case. *Leckenby*, 200 Or App at 690. We held that is reversible error because it could have an effect on how the jury evaluates the greater offense, even in light of the "acquittal first" requirement. *Id.* at 691. We reject the state's argument that those cases were wrongly decided and, based on *Leckenby*, hold that the failure to give the attempt instruction was not harmless. Accordingly, the trial court's failure to instruct the jury on the attempt crime was reversible error.[3]

Reversed and remanded.

---

[3] The state contends that we should remand with instructions to allow it to elect whether to proceed with a new trial or to have the trial court enter a conviction for attempted possession of a weapon by an inmate. The state argues that entry of a conviction for the attempt offense is appropriate because defendant concedes on appeal that the evidence supports his conviction. *See State v. Garcia*, 206 Or App 745, 751-52, 138 P3d 927 (2006) (reversing and remanding for entry of a conviction for attempted coercion because the state conceded that the evidence was insufficient to prove the charged crime of coercion and the defendant conceded that the evidence was sufficient to prove attempted coercion). However, defendant's argument that the evidence sufficed for an attempt instruction is not a concession that the trial court may enter a conviction on the attempt crime. Accordingly, we reverse and remand.