Argued and submitted December 6, 2012, reversed and remanded
February 13, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN NICHOLAS CLUVER,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR090533; A146538

296 P3d 638

Erin K. Galli argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

BREWER, J. pro tempore.

**BREWER, J. pro tempore**

Defendant appeals from his conviction for first-degree sodomy, ORS 163.405, advancing several assignments of error.[1] Because it is dispositive, we address only defendant's assertion that the trial court erred by failing to instruct the jury on the lesser-included offense of second-degree sexual abuse, ORS 163.425.[2] Because we conclude that the trial court erred in failing to give the instruction and that the error was not harmless, we reverse and remand.

Defendant was charged by indictment with, among other offenses, first-degree sodomy. ORS 163.405. The indictment alleged that defendant "did unlawfully and knowingly have deviate sexual intercourse with [the victim], a person who was incapable of consent by reason of mental defect, mental incapacitation, and/or physical helplessness." An indictment of one offense includes, by necessary implication, charges of lesser-included offenses. ORS 136.465; *State v. Gibbons*, 228 Or 238, 242, 364 P2d 611 (1961). "A lesser included offense is one that is included either in the statutory framework defining the greater and lesser offenses or in the accusatory instrument itself." *State v. Wille*, 317 Or 487, 495 n 7, 858 P2d 128 (1993). A defendant is entitled to an instruction on a lesser-included offense "if there is a disputed issue of fact enabling the jury to find that all the elements of the greater offense have not been proven, but that all the elements of one or more of the lesser offenses

---

[1] ORS 163.405 provides, in part:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"* * * * *

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness."

[2] ORS 163.425 provides, in part:

"(1) A person commits the crime of sexual abuse in the second degree when:

"(a) The person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto[.]"

have been proven." *State v. Naylor*, 291 Or 191, 195, 629 P2d 1308 (1981).

In *State v. Stamper*, 197 Or App 413, 427, 106 P3d 172, *rev den*, 339 Or 230 (2005), we held that the legislature intended the phrase "the victim does not consent thereto" in ORS 163.425 to apply to circumstances where a victim is incapable of giving consent to, among other conduct, deviate sexual intercourse. Similarly, to convict a defendant of first-degree sodomy under ORS 163.405(1)(d), the state must prove that the victim was incapable of consenting to deviate sexual intercourse. The latter offense, however, requires proof of an additional element not included in ORS 163.425, namely, that the victim was "incapable of consent by reason of mental defect, mental incapacitation or physical helplessness." Thus, where, as here, defendant was charged with first-degree sodomy on the theory that the victim was incapable of consent as provided in ORS 163.405(1)(d), second-degree sexual abuse is a lesser-included offense of first-degree sodomy.

We recite the evidence in the light most favorable to the giving of the requested instruction. *State v. Chapman*, 209 Or App 771, 773, 149 P3d 284 (2006), *rev den*, 342 Or 473 (2007). When defendant engaged in the charged conduct, the victim was in her late sixties and had been diagnosed with schizophrenia and dementia. Doctors who had examined and treated the victim testified that, because of her mental condition, she was incapable of appraising the nature of her conduct or of understanding the consequences of her actions. In the fall of 2009, the victim resided in an assisted-living facility where defendant was employed as a nursing assistant. As part of his duties, defendant occasionally was assigned to care for the victim, and he had access to her living quarters. On September 2, 2009, the victim reported to the nursing staff that she had had sex with a man who was a caregiver at the facility. When asked by the director of nursing staff what she meant, the victim said, "Well, no, we didn't screw. We were supposed to. He asked if he could put his penis in my mouth and I let him." Subsequently, the victim was shown a photo array by a police detective, and she identified defendant as her "boyfriend."

At trial, defendant advanced three theories of defense. First, defendant asserted that the victim was mistaken and that the crimes had never occurred. Second, defendant argued that, if the crimes had taken place, someone else committed them. Finally, defendant argued that if he had engaged in sexual activity with the victim she had, in fact, consented to it. Among other requested instructions, defendant asked the court to instruct the jury on the lesser-included offense of second-degree sexual abuse. Defendant argued that that offense was a lesser-included offense of first-degree sodomy because "it's just missing that element [of] consent based on defective, mental defect which is alleged in this case." The trial court declined to give the requested instruction, explaining:

> "And the issue I find more, more to the central core of this is what's the nature of the lack of consent. If the [victim] was incapable of consent by reason of mental defect, which is the element of rape in the first degree and sodomy in the first degree, I am not finding that just a general lack of consent is a lesser included concept. So if, she is either incapable of consent or she isn't. And I don't see any indication, quite candidly, that would raise the issue of lack of consent in the general sense."

Defendant remonstrated that, from the victim's sister's testimony that the victim had been told to obey the staff of the facility, a reasonable jury could infer that the victim had not consented to the sexual contact. After defendant rested his case, he renewed his request for the lesser-included jury instruction, and the court once again declined, explaining that "the more I think about it, the more convinced I am that the consent referred to in sexual abuse two is not a lesser included of incapable of consent by reason of mental defect." Defendant was convicted by the jury and this appeal followed.

As noted, sexual abuse in the second degree is a lesser-included offense of first-degree sodomy; the state does not contend otherwise, nor does it assert that there was no evidence in the record to support the instruction. Instead, the state urges, first, that the requested instruction was inconsistent with defendant's theory of the case at trial and, therefore, the trial court did not err in declining to give it.

Alternatively, the state argues that any error in failing to give the instruction was harmless.

For its first argument, the state relies on *State v. Washington*, 273 Or 829, 836, 543 P2d 1058 (1975), where the court held that a jury instruction on a lesser-included offense is proper where "the jury could rationally find the defendant guilty of the lesser offense and innocent of the greater." The state contends that "that rule suggests that the requested instruction must bear some rational relationship to a theory presented by one of the parties to the case." We disagree. The state's recapitulation of the holding in *Washington* is incomplete. In full, the court held:

> "The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is *that there must be evidence, or an inference which can be drawn from the evidence*, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater."

*Id.* (emphasis added). As the emphasized text makes clear, whether a requested lesser-included offense instruction must be given depends on the *evidence* adduced at trial, not on the logical consistency between the instruction and the theory, or theories, advanced by its proponent. We therefore reject the state's contrary assertion.

Alternatively, the state argues that any error in failing to give the requested instruction was harmless because, pursuant to ORS 136.460(2), the jury was required to consider the greater offense first, and either convict or acquit defendant of that offense, before considering any lesser-included offense.[3] Because the jury convicted defendant of the greater offense, the state reasons, the jury would have been precluded from considering the lesser-included offense by operation of ORS 136.460(2) and, thus,

---

[3] ORS 136.460(2) provides:

"The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense. If there is more than one lesser included offense, the jury shall consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense only after finding the defendant not guilty of any more serious lesser included offenses."

any error in declining to give such an instruction was harmless. We have rejected similar arguments on multiple occasions, most recently in *State v. Zolotoff*, 253 Or App 593, 291 P3d 781 (2012), and we reject it again, here, for the same reasons.

Reversed and remanded.