666 March 12, 2025 No. 205

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS ARTURO CINENCIO-GONZALEZ,
*Defendant-Appellant.*

Washington County Circuit Court
21CR09805, 21CR46680;
A178748 (Control), A178749

Andrew Erwin, Judge.

Argued and submitted March 8, 2024.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

SHORR, P. J.

In Case No. 21CR09805, convictions on Counts 2 and 3 reversed and remanded for further proceedings; remanded for resentencing; otherwise affirmed. In Case No. 21CR46680, convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for one count of sodomy in the first degree; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

In this consolidated appeal, defendant appeals from two judgments of conviction. Following a bench trial, defendant was convicted in case number 21CR09805 of three counts of rape in the first degree, ORS 163.375 (Counts 1-3), and seven counts of sexual abuse in the first degree, ORS 163.427 (Counts 4-10). In case number 21CR46680, defendant was found guilty of one count of sodomy in the first degree, ORS 163.405 (Count 1), and two counts of sexual abuse in the second degree, ORS 163.425 (Counts 4 and 6).[1] Defendant was sentenced to an aggregate term of incarceration of 50 years.

On appeal, defendant raises five assignments of error relating to Counts 2 and 3 of case number 21CR09805, arguing that (1) the trial court erred in denying his motion for judgment of acquittal (MJOA) on both counts because there was insufficient evidence to find all elements of the offense; (2) the trial court erred in initially granting, and then subsequently denying his MJOA on Count 2; and (3) the trial court's fact finding regarding the timing of the offenses did not support the guilty verdicts. We agree that the court erred in denying the MJOA on Counts 2 and 3, so we reverse those convictions and, in light of the parties' dispute regarding the appropriate remedy, remand for further proceedings on that question. In his sixth assignment of error, relating to case number 21CR46680, defendant argues that the trial court erred in failing to merge the guilty verdicts on Counts 1 and 4. The state concedes the error and we accept the concession and reverse and remand for entry of a single conviction on those two counts and for resentencing.[2]

## FACTS

Defendant was charged with the sexual abuse and rape of his partner's children. Defendant began living with the victims' mother in 2000, and, significant to the issues in

---

[1] In case number 21CR46680, defendant was acquitted of an additional count of first-degree sodomy (Count 2), and two counts of third-degree sodomy, ORS 163.385 (Counts 3 and 5). The court merged the guilty verdict on Count 6 with the conviction on Count 4.

[2] Defendant has not raised any challenge to the remaining counts of conviction in either case.

this case, they married on March 1, 2007. K, who was born in 1991, testified that defendant first kissed her when she was 10 years old, and first had sexual intercourse with her when she was 11. She testified that the sexual abuse was ongoing until she was 15.

R, K's younger sister, testified that, when she was in fifth grade, she walked in on defendant and K having intercourse. R additionally testified that defendant first touched her sexually when she was 6 or 7 years old, and repeatedly touched her vagina and had her touch his penis when she was 12 or 13 years old, in the seventh grade.

B testified that defendant sexually abused him on a single occasion when he was 15 or 16 years old.

After a bench trial, the court found defendant guilty of three counts of first-degree rape based on his abuse of K; seven counts of first-degree sexual abuse for his conduct with R; and one count of first-degree sodomy and two counts of second-degree sexual abuse for his acts against B.

## SUFFICIENCY OF THE EVIDENCE FOR FIRST DEGREE RAPE

In his first and second assignments of error, defendant argues that the court erred by denying his motions for judgment of acquittal on Counts 2 and 3 of case number 21CR09805 because there was insufficient evidence for the court to conclude that defendant had committed the acts when K was under the age of 16 *and* while defendant was married to K's mother, as was charged in the indictment. We agree and reverse the convictions.

We review a trial court's denial of a motion for judgment of acquittal for legal error, viewing the facts in the light most favorable to the state and drawing all reasonable inferences in the state's favor, to determine whether the evidence is sufficient to permit a rational factfinder to find all of the elements of the charged crime beyond a reasonable doubt. *State v. Lugo*, 322 Or App 477, 479, 520 P3d 917 (2022).

Although it alleged that defendant's abuse of K was ongoing over the course of many years, the state elected to

pursue charges based on three distinct incidents: the first time defendant had intercourse with K (Count 1); the time when R walked in on defendant and K engaged in intercourse (Count 2); and the final time defendant had intercourse with K (Count 3). Counts 2 and 3 were based on ORS 163.375(1)(c) which states:

"(1)  A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"*****

"(c)  The victim is under 16 years of age and is *** the person's spouse's child[.]"

Therefore, in order to convict defendant of those two counts of first-degree rape, the state had to prove that the intercourse occurred after defendant married K's mother on March 1, 2007 (such that K was defendant's "spouse's child"), but before K turned 16 on May 13, 2007 (such that K was "under 16 years of age").

K and R both testified at the trial, offering different versions of the timing of events. K testified that that she last remembered having intercourse with defendant when she was 15 years old. With respect to the incident when R walked in on them, K testified that it happened close in time to the last time defendant had intercourse with her, but she could not recall what time of year it was for either event or whether they occurred close in time to her 16th birthday. K testified that the event that R witnessed happened while the family was living in a house, and that the abuse had ended years before the family moved to an apartment near Washington Square.[3] She was unable to remember many other details. She did not provide any testimony about the timing of the abuse *vis-à-vis* defendant's marriage to her mother.

R also testified at the trial about the incident that she witnessed. She testified to a specific memory of an incident that occurred when she was in fifth grade, and it was the night before her end-of-the-year school trip. Additional testimony established that R finished fifth grade in June

---

[3]  Multiple witnesses provided testimony about where the family lived at various points over the years, but details were imprecise.

2008, by which point K was 17 years old. R recalled that the incident happened at the house they lived in when her mother married defendant, and it happened well after defendant and her mother had married.

The trial court made the following findings in its spoken verdict, regarding Counts 2 and 3:

"Count 2. I am walking back my earlier findings.[4] In that one I ruled that the date that it was impossible to determine that—that she was defendant's spouse at the time this occurred.

"That's not true. Because when I went back through my notes, very specifically [R] testified that the incident when [R] walked in on them having sex, this occurred at the end of her fifth grade. She explained that that was the end of the fifth grade school trip. She went into extraordinary detail about what was going on, how she was packing, how she was ordered to go place to place.

"This would have been June of 2008. There is no way to—to then strike the language because she said that the marriage was quite a bit of time before that. And that's true. That would have been March of 2007. This incident, when she walked in, would have absolutely have occurred after they were married.

"And so I was incorrect in striking that language. I'm vacating that, and I am reinstating the Rape in the First Degree.

"And I'm finding the defendant guilty on that count.

"With regard to the third count, the charge is Rape in the First Degree. And this is the last time he had sexual intercourse with [K].

"I'm finding the defendant guilty because [K] testified that she was 15, that this occurred close in time to Count 2, which would have been the June, 2008 period.

"Defendant admitted to Detective Opitz that he had sexual intercourse with [K] when she was 15 years old. And he specifically said he stopped because he was worried about, among other things, worried about how it would impact his relationship with his wife.

---

4 The court initially granted defendant's MJOA on Count 2, but in the verdict reconsidered that decision and instead found defendant guilty.

"All of that indicates that it was the wife's child and that she was 15 years old.

"He's guilty of that count."

Defendant argues that the evidence presented at trial was insufficient to establish that either incident occurred in the window of March 1 to May 13, 2007, when K was both under the age of 16 and the child of defendant's spouse. We agree. K's testimony supported a finding that the incidents occurred when she was under the age of 16, but gave no indication of whether they occurred before or after the marriage. R's testimony supported an inference that at least one of the incidents happened after the marriage, but, as we will discuss below, that testimony was inextricably intertwined with R's specific recollection that the incident occurred at a time when K would have been 17.

The state asserts that, despite some conflicts, the two sets of testimony could support an inference that both conditions are met: K testified that the abuse ended before she was 16, thereby placing the last time and the incident that R witnessed that was "close in time" to the last one both prior to May 13, 2007; and R testified that the incident she witnessed happened after defendant married their mother, placing both it and the subsequent last event after March 1, 2007. We are unconvinced by that characterization of the record. R's memory of the timing of the incident she witnessed was entirely tied to her school trip at the end of her fifth-grade year. She testified that her mother's marriage to defendant had happened "way before" the end of her fifth-grade year, and that was how she knew that the incident she witnessed had happened after the wedding. The state's argument would require the factfinder to credit R's conclusion that the incident she witnessed happened after the wedding without accepting her corresponding chronological reference point to the fifth-grade trip that occurred after K turned 16. That is not an inference that a reasonable factfinder could make based on the evidence presented at trial. The only way to credit R's testimony that the charged instances took place after her mother's marriage to defendant requires the factfinder also to credit that they occurred

when K was over the age of 15. Those two events were inextricably intertwined in R's testimony.

This is not a case where a reasonable factfinder could credit different or potentially conflicting pieces of evidence to conclude that the state met its burden of proof. *Cf. State v. Jackson*, 334 Or App 463, 469, 555 P3d 1279 (2024) (noting that it is for the jury to decide what part of inconsistent testimony to credit, if any, and that no legal principle compels a factfinder to believe a defendant's most damaging statements or disbelieve supportive testimony). As noted, the only way that the state could prove that the charged instances took place after K's mother married defendant was for the jury to also accept R's necessarily corresponding testimony that they occurred after K had turned 16. But the state had to prove both that the instances occurred when K's mother was married to defendant and that, at the time, K was under 16 years of age. ORS 163.375(1)(c).

Therefore the record was not sufficient to permit a rational factfinder to find that the state proved each element of first-degree rape, as charged under 163.375(1)(c), beyond a reasonable doubt. The trial court erred in denying defendant's MJOA on Counts 2 and 3 of case number 21CR09805.[5]

We turn briefly to the appropriate remedy. Based on the various assignments of error related to those counts, the parties offer different remedies, including remand for entry of convictions for the lesser-included offense of rape in the third-degree[6]; remand for a new trial on the lesser-included charge; or remand for the court to clarify the factual basis for the verdict. At oral argument, defendant asserted for the first time that the trial court's findings are binding and foreclose a conviction for the lesser-included offense.

We recognize that the trial court's fact finding could preclude a conviction for third-degree rape if the court's speaking verdict is interpreted as conclusively finding the events to have occurred in June 2008 or later, by which point K was over the age of 16. The parties have not

_____

[5] Based on that conclusion, we need not reach defendant's third through fifth assignments of error, also relating to Counts 2 and 3.

[6] A person commits the crime of rape in the third degree if the person "has sexual intercourse with another person under 16 years of age." ORS 163.355.

provided any arguments regarding the binding nature of the trial court's fact finding following the improper denial of the MJOA, whether principles of double jeopardy prevent retrying defendant or imposing a conviction for the lesser-included offense, or whether a conviction for the lesser-included offense would be appropriate based on the wording of the indictment. We decline to resolve those issues without reasoned argument from the parties. We therefore remand to the trial court, where the parties may develop their legal arguments regarding the proper scope of proceedings on remand. *See State v. Bales*, 289 Or App 470, 484 n 13, 410 P3d 1088 (2017) (remanding for further proceedings, including possible retrial for a lesser-included offense, when the trial court erred in denying the defendant's MJOA, but the record at the time of the motion was sufficient to support a conviction for a lesser-included offense, and leaving it "to the parties on remand to address any potential issues, such as double jeopardy or due process, that might arise in that posture").

## MERGER

In his sixth assignment of error, defendant asserts that the trial court erred in entering separate convictions for Counts 1 and 4 in case number 21CR46680, and that the counts should have merged. The state concedes the error and we agree. Merger is required where the offenses involve the same act against a single victim and one offense is a lesser-included offense of the other. *State v. Steltz (A149320)*, 259 Or App 212, 218, 313 P3d 312 (2013), *rev den*, 354 Or 840 and 355 Or 751 (2014) (citing *State v. Sanders*, 189 Or App 107, 110, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004)). ORS 161.067(1), the anti-merger statute, allows for separate convictions only if each violation requires proof of an element the other does not.

It is undisputed that Count 1 and Count 4 were both directed at the same conduct: defendant engaging in oral sexual intercourse with B while B was asleep and thus incapable of consent. Count 1, first-degree sodomy, ORS 163.405(1)(d), was based on the act occurring while B was incapable of consent by reason of physical helplessness. Count 4, second-degree sexual abuse, ORS 163.425(1)(a),

was based on the act occurring without B's consent. We have previously held that second-degree sexual abuse is a lesser-included offense of first-degree sodomy under the physical helplessness circumstances. *State v. Cluver*, 255 Or App 284, 286, 296 P3d 638 (2013), *rev den*, 355 Or 317 (2014). We therefore reverse and remand for merger of those convictions and resentencing.

In Case No. 21CR09805, convictions on Counts 2 and 3 reversed and remanded for further proceedings; remanded for resentencing; otherwise affirmed. In Case No. 21CR46680, convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for one count of sodomy in the first degree; remanded for resentencing; otherwise affirmed.